USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY A. DUPREE,

    Plaintiff,

-against-

ANDREW SAUL,[1]

    Defendant.

18-CV-6559 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated January 8, 2021 (Dkt. No. 31), plaintiff Tiffany A. Dupree moves, pursuant to 42 U.S.C. § 406(b), for an order approving a contingent fee arrangement in this social security case. Under the written fee agreement (Agreement) between plaintiff and her attorney Anselmo A. Alegria, plaintiff agreed "to pay [her] attorneys 25% of all retroactive social security benefits that the Social Security Administration says [she is] entitled to receive, except that the Social Security Administration has the right to reduce the fee." Declaration of Anselmo A. Alegria dated January 7, 2021 (Alegria Decl.) (Dkt. No. 32), Ex. 3.

On July 18, 2019, plaintiff's case was remanded to the Social Security Administration (Dkt. Nos. 27, 28), where plaintiff secured an award of past due benefits dated December 15, 2020. Alegria Decl. ¶¶ 3-5 & Ex. 2. Plaintiff then brought the present motion, which asks the Court to approve a payment of $20,648.75 to attorney Alegria, representing 25% of the past due benefits that plaintiff recovered before the Social Security Administration. *See id*. ¶¶ 10-11. Attorney Alegria notes that the Court previously awarded payment of $7,000 in fees to counsel pursuant to a stipulation with the Commissioner, following remand, and confirms that he will reimburse plaintiff that amount upon receipt of the fees sought by the present motion. *Id*. ¶ 13.

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for former Acting Commissioner Nancy Berryhill as the defendant in this action.

The Commissioner responded to the motion on January 22, 2021 (Comm'r Resp.) (Dkt. No. 34), noting that "there is a question" as to whether it was timely filed, as it was filed more than 14 days (plus 3 days for mailing) after the date of the issuance of the Social Security Administration's Notice of Award. Comm'r Resp. at 3. The Commissioner does not otherwise object to the requested fee award.

For the reasons set forth below, plaintiff's motion is GRANTED.

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

These factors all weigh in favor of plaintiff's request for approval of a 25% contingency fee here. The fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A). There is no evidence in the record that the Agreement was the result of fraud or overreach. Nor would the contingency fee award constitute a windfall to attorney Alegria, who expended 38 hours on work related to this action, Alegria Decl. Ex. 4, including drafting and filing a 29-page memorandum of law in support of plaintiff's motion for judgment on the pleadings. (Dkt. No. 25.) Only after that filing did the Commissioner stipulate to remand this case for further administrative proceedings. (Dkt. Nos. 26-27.) Moreover, after remand, plaintiff secured the relief she sought – a finding of disability and an award of past due benefits. Alegria Decl. ¶¶ 3-4. Each of these factors favors approval. *Pelaez*, 2017 WL 6389162, at *1-2 (recommending approval of a similar contingency fee agreement).

In addition, I find that plaintiff timely filed her motion for attorney's fees. The Second Circuit recently held that that Fed. R. Civ. P. 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). The Court explained that the 14-day limitations period set forth in Rule 54(d)(2)(B) begins to run "[o]nce counsel receives notice of the benefits award." *Id*. at 88. Here, counsel states that he received the Notice of Award via mail on December 30, 2020. Alegria Decl. ¶ 6 & Ex. 2; *see also* Declaration of Anselmo A. Alegria dated January 25, 2021 (Dkt. No. 35) ¶¶ 7-8. The instant motion was filed nine days later, on January 8, 2021, well within the 14-day limitations period. Even if, as the Commissioner appears to suggest, the limitations period began to run on December 18, 2021 (three days after the date of the Notice of Award), I would exercise my discretion to "enlarge that [14 day] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89. Accordingly, plaintiff's motion for attorney's fees is deemed timely.

As acknowledged by attorney Alegria (Alegria Decl. ¶¶ 12-13), if awarded his 25% contingency fee ($20,648.75), he would promptly need to reimburse plaintiff in the amount of the $7,000 he was previously awarded pursuant to stipulation. *Gisbrecht*, 535 U.S. at 789 ("Fee awards may be made under both [section 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

For these reasons, plaintiff's motion is GRANTED, and the Social Security Administration is directed to approve a payment of $20,648.75 to attorney Alegria, upon receipt of which attorney Alegria shall promptly reimburse plaintiff for the $7,000 in fees previously received.

Dated: New York, New York
January 29, 2021

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**